

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 12, 1993

Arnold W. Oliver, P.E.
Executive Director
Texas Department of Transportation
125 East 11th Street
Austin, Texas 78701-2483

Honorable James E. (Jim) Nugent
Commissioner
Railroad Commission of Texas
P.O. Box 12967
Austin, Texas 78711-2967

Opinion No. DM-241

Re: Whether truckers hauling materials on and onto Texas Department of Transportation construction sites are required to be covered by workers' compensation insurance (RQ-471)

Dear Mr. Oliver and Commissioner Nugent:

You each ask whether the Texas Department of Transportation ("TxDOT") may, or must, require that truckers hauling materials to and onto TxDOT construction sites carry workers' compensation insurance.

Article 8308-3.23, V.T.C.S., a provision of the Texas Workers' Compensation Act, provides in part:

> (c) In a building or construction[1] contract entered into by this state or a political subdivision of this state, including a municipality, the governmental entity shall require the contractor to certify in writing that the contractor provides workers' compensation insurance coverage for all employees of the contractor employed on the public project. A subcontractor on the project must provide such a certificate to the general contractor relating to the coverage of the employees of the subcontractor. The general contractor shall provide the certificate of a subcontractor to the governmental entity. A contractor who has a contract that requires workers' compensation

---

[1]Subsection (d) of article 8308-3.23, V.T.C.S, defines "building or construction" to include "erecting or preparing to erect structures, including buildings, bridges, roadways, public utility facilities, or related appurtenances"; "remodeling, extending, repairing, or demolishing a structure"; or "otherwise improving real property or appurtenances to real property through similar activities." We assume for purposes of this opinion that the TxDOT projects you refer to constitute "building or construction" within the meaning of article 8308-3.23, V.T.C.S.

Arnold W. Oliver, P.E. - Page 2      (DM-241)
Honorable James E. (Jim) Nugent

insurance coverage may provide the coverage through a group plan
or other method satisfactory to the governing body of the
governmental entity. [Footnote added.]

A brief submitted in connection with your requests argues that a provision of
article 911b, V.T.C.S., an act pertaining generally to motor carriers, allows motor carriers,
even when employed on public projects within the meaning of V.T.C.S. article 8308-3.23,
the option of providing "accidental insurance coverage" in lieu of the "workers'
compensation insurance coverage" required by the latter provision. Section 13 of article
911b provides in part:

Each motor carrier shall also protect his employees by obtaining
workers' compensation insurance coverage as defined under the
Texas Workers' Compensation Act (Article 8308-1.01 et seq.,
Vernon's Texas Civil Statutes) or accidental insurance coverage in an
amount fixed by the [Railroad] Commission from a reliable insurance
company or companies authorized to write such policies in this state
approved by the [Railroad] Commission.

The language regarding "accidental insurance coverage" was added to section 13 in 1991.
Acts 1991, 72d Leg., ch. 894, § 1, at 3060-61.

The above-mentioned brief contends that the provisions of article 911b--which
allow motor carriers the option of providing either workers' compensation or "accidental
insurance" coverage--should, being specific to motor carriers, and moreover the more
recently enacted, be construed to prevail over the provisions of article 8308-3.23, which
are generally applicable to public works building and construction contractors. We
disagree. While the legislature has seen fit to provide in article 911b that motor carriers
generally may opt to carry either workers' compensation or "accidental insurance"
coverage, we do not believe that provision was intended to preclude application of more
stringent statutory requirements regarding insurance to motor carriers in particular
contexts. In our opinion, the legislature has indicated an intent in article 8308-3.23 that all
contract workers on the public works projects covered by the article have workers'
compensation coverage.

The brief also states that "motor carriers in most, if not all, cases will be an
independent contractor as defined in article 8308-3.05(a)(1)," and suggests that "motor
carriers defined as independent contractors do not have to provide workers' compensation
insurance coverage normally required under article 8308-3.23."

In our view, the purpose of article 8308-3.05 is generally to characterize
employment relations as being ones of either employer-employee or employer-independent
contractor. These distinctions are important since employers have various duties to
"employees" under the workers' compensation act that they do not have when the

employment relation is one of employer-general contractor. *See, e.g.,* V.T.C.S. arts. 8308-3.08 (employee election), 8308-3.24 (notice to employees whether covered), 8308-4.01 (recovery by employee). Subpart (a)(1) of article 8308-3.05, to which the brief refers, defines "independent contractor" by setting out rather standard legal elements of the independent contractor relationship. With regard to transportation workers, subpart (a)(4) defines an "owner operator" as "a person who provides transportation services for a motor carrier under contract," and provides that "[a]n owner operator is an independent contractor."

Contrary to the suggestion in the brief, we do not believe that article 8308-3.05 creates any exceptions to the workers' compensation coverage requirements of article 8308-3.23. In our view, in requiring "general contractors" and "sub-contractors" to show proof of coverage for those who will work on the project, the legislature intended to include all contract workers under the coverage requirement including the "contractors" or "sub-contractors" themselves when they are in fact "employed on the public project." *Id.* art. 8308-3.23. While characterization of a particular worker, based on the provisions of article 8308-3.05, as an "independent contractor" rather than an "employee" may determine *who* is responsible for providing workers' compensation coverage for the worker under article 8308-3.23, it does not, in our opinion, relieve anyone from the coverage requirement including the "contractors" or "subcontractors" themselves when they are in fact "employed on the public project." If the worker is an "employee," his employer is responsible for providing coverage. If he is an "independent contractor," he himself is ultimately responsible.[2]

Since we conclude that workers' compensation coverage is required, we need not address the part of your question which asks whether TxDOT has discretionary authority to require truckers hauling materials on TxDOT projects to carry workers' compensation insurance.

---

[2]*See, e.g., id.* art. 8308-3.05(g) ("motor carrier" and "owner operator" may agree that former will provide coverage for latter).

## S U M M A R Y

Truckers hauling materials on and onto Texas Department of Transportation construction sites are required, under article 8308-3.23, V.T.C.S., to be covered by workers' compensation insurance.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General